**NOT FOR PUBLICATION**

**FILED**

MAY 21 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EVANGELINA PALOMINO-ESPINOZA, | No. 22-786 |
| Petitioner, | Agency No. A090-217-004 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 17, 2024**
Phoenix, Arizona

Before: GRABER, DESAI, and DE ALBA, Circuit Judges.

Petitioner Evangelina Palomino-Espinoza is a native and citizen of Mexico.

She timely seeks review of the Board of Immigration Appeals' ("BIA") denial of

her motion to reconsider its prior decision, which denied an earlier motion to

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

reopen deportation proceedings.[1]  Reviewing legal questions de novo and otherwise reviewing for abuse of discretion, Cano-Merida v. INS, 311 F.3d 960, 964 (9th Cir. 2002), we deny the petition.

1.  The BIA permissibly concluded that Petitioner's motion to reconsider was untimely and that it identified no error of law or fact in the BIA's prior decision.  Petitioner filed the motion nearly two years after the BIA denied the earlier motion to reopen proceedings, well beyond the statutorily required 30-day period.  See 8 U.S.C. § 1229a(c)(6)(B); see also 8 C.F.R. § 1003.2(b)(2); Lona v. Barr, 958 F.3d 1225, 1232 (9th Cir. 2020) (holding that the implicit denial of an equitable tolling claim was not "arbitrary, irrational, or contrary to law" so as to warrant reversal of the agency's decision (citation and internal quotation marks omitted)).  Moreover, Petitioner does not "specify the errors of law or fact in the previous order . . . supported by pertinent authority."  8 U.S.C. § 1229a(c)(6)(C), see also 8 C.F.R. § 1003.2(b)(1).

2.  The BIA permissibly refused to reopen or reconsider the deportation order that was executed in 1994.  Petitioner was convicted of a drug crime in 1990, and she was deported to Mexico in 1994.  Although Petitioner was a lawful

---

[1] "Deportation" and "exclusion" proceedings were replaced by "removal" proceedings on April 1, 1997.  See, e.g., Omnibus Consolidated Appropriations Act of 1997, Pub. L. No. 104-208, § 308(e)(1)(E)–(H), 110 Stat. 3009, 619 (1996). Because Petitioner's deportation proceedings began in 1994, we refer to her proceedings and the relevant orders using the terms "deportation" or "deported."

permanent resident when she was convicted, she illegally reentered the United States the same year in which she was deported, and the Department of Homeland Security ("DHS") reinstated the 1994 order in 2011. The BIA later denied Petitioner's subsequent, untimely motion to reopen her deportation proceedings, a decision that we upheld in 2021.[2] As we held then, reopening of Petitioner's deportation proceedings is barred because the DHS's prior, previously executed order has been reinstated. See 8 U.S.C. § 1231(a)(5) (specifying that when "an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry" (emphasis added)); see also Bravo-Bravo v. Garland, 54 F.4th 634, 638 (9th Cir. 2022) ("[A]n alien is barred by § 1231(a)(5) from bringing a motion to reopen a reinstated removal order under § 1229a(c)(7). This bar is a consequence of having reentered unlawfully, which makes the alien subject to a less favorable legal regime including forfeiture of the right to reopen under § 1229a(c)(7)." (citations and internal quotation marks omitted)).

---

[2] The BIA also dismissed Petitioner's 2016 applications for withholding of removal and CAT protection, citing, in part, her prior drug conviction. We upheld the BIA's decision in 2019.

**PETITION DENIED.**